IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAIMUND HAUER,** | : CIVIL ACTION NO. 1:25-CV-2070 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN J. GREENE,** | : |
| Respondent | : |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Raimund Hauer, argues that the United States Bureau of Prisons ("BOP") has improperly denied his request to be transferred to prerelease custody in a halfway house or home confinement. The petition will be granted, and the BOP will be required to conduct an individualized assessment of whether Hauer should be transferred to prerelease custody.

**I.       Factual Background & Procedural History**

Hauer is incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a federal criminal sentence. He filed the instant petition on November 3, 2025, asserting that the BOP is improperly denying him placement in prerelease custody because he is not a United States citizen and is subject to an immigration detainer issued by the United States Department of Homeland Security ("DHS") (Doc. 1). Respondent responded to the petition on December 8, 2025, arguing that it should be dismissed because Hauer failed to exhaust administrative remedies and because the court lacks subject matter jurisdiction, or,

alternatively, that it should be denied on its merits. (Doc. 6). Hauer filed a reply brief in support of his petition on December 22, 2025, making the petition ripe for review. (Doc. 7).

## II. Discussion

### A. Jurisdiction

Respondent's jurisdictional argument will be analyzed as a threshold matter. To begin the discussion, however, the relevant statutory provisions must be briefly summarized.

Transfer of BOP prisoners to prerelease custody is governed by 18 U.S.C. § 3624 and 18 U.S.C. § 3621. Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The decision whether to transfer an inmate to prerelease custody, however, is left to the discretion of the BOP. 18 U.S.C. § 3624(c)(4). When exercising this discretion, the BOP must conduct an individualized assessment of whether an inmate should be transferred to prerelease custody based on the following factors:

**(1)** the resources of the facility contemplated;
**(2)** the nature and circumstances of the offense;
**(3)** the history and characteristics of the prisoner;
**(4)** any statement by the court that imposed the sentence--
  **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Id. § 3621(b); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

Respondent argues this court does not have jurisdiction to consider Hauer's petition because the decision whether to transfer a prisoner to prerelease custody is left to the BOP's discretion under Sections 3621 and 3624. (Doc. 6 at 5-7). This court recently rejected an essentially identical jurisdictional argument in Al Haj v. LSCI-Allenwood Warden, No. 1:24-CV-1193, 2025 WL 1115751, at *2-4 (M.D. Pa. Apr. 15, 2025) (Neary, J.). In Al Haj, the court held that it had jurisdiction because Woodall, 432 F.3d at 243-44, and Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012), "expressly held . . . that challenges to the BOP's denial of a transfer to prerelease custody are cognizable in Section 2241 habeas corpus proceedings." Al Haj, 2025 WL 1115751, at *2.

The court's decision in Al Haj differs from decisions by other courts in this district both before and after the decision, which have generally relied on Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) to conclude that district courts lack jurisdiction over challenges to BOP denials of transfers to prerelease custody. See Al Haj, 2025 WL 1115751, at *3-4 (distinguishing decision from Miles v. Arviza, No. 3:24-CV-2252, 2025 WL 981870, at *2-5 (M.D. Pa. Apr. 1, 2025); see also, e.g., Demos Watkins v. Warden of FCI-Lewisburg, No. 1:26-CV-138, 2026 WL 192486, at *4 (M.D. Pa. Jan. 26, 2026) (Wilson, J.) (disagreeing with Al Haj, concluding that

3

the court lacks jurisdiction based on Cardona and Miles line of cases, and collecting other cases post-Al Haj reaching the same conclusion).

This court continues to agree with its earlier reasoning in Al Haj and finds that Woodall and Vasquez, rather than Cardona, are the controlling precedent on the jurisdictional question. The court accordingly concludes that it has jurisdiction to consider Hauer's claim for the reasons explained in Al Haj, 2025 WL 1115751, at *2-4.

### B.  Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

4

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez, 684 F.3d at 433-34 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

In this case, the court again reaches the same conclusion it reached in Al Haj and excuses exhaustion of administrative remedies as futile. As the court explained in Al Haj, 2025 WL 1115751, at *4 (citing Woodall, 432 F.3d at 239 n.2), exhaustion is futile because Hauer is challenging the validity of the BOP's policy that categorically excludes him from placement in prerelease custody.

**C.   Merits**

Like the above jurisdiction and exhaustion analyses, the court's analysis of the merits of Hauer's petition again hews closely to its earlier decision in Al Haj. Federal law requires the BOP to consider inmates for prerelease custody, 18 U.S.C. § 3624(c)(1), and in doing so, it must make an individualized determination based on consideration of:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
>    **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    **(B)** recommending a type of penal or correctional facility as appropriate; and

5

**(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

28 U.S.C. § 3621(b); <u>Woodall</u>, 432 F.3d at 247.

In this case, the BOP deemed Hauer ineligible for transfer to prerelease custody because he is not a United States citizen, is subject to an immigration detainer, and is enrolled in the Institutional Hearing Program ("IHP"). (Doc. 1-2 at 1; Doc. 1-4 at 3).[1] Respondent argues that this ineligibility is required by BOP Program Statement 5111.04, which states that inmates enrolled in the IHP are ineligible for transfer to prerelease custody, a January 30, 2025, Department of Justice ("DOJ") memorandum stating that inmates who are not United States citizens or are subject to an immigration detainer are not eligible for transfer to prerelease custody, and an April 8, 2025, DOJ memorandum to the same effect. (Doc. 6 at 11-12).

The BOP's categorical refusal to transfer inmates to prerelease custody if they are in the IHP, not U.S. citizens, or subject to immigration detainers violates Section 3621(b). The five factors listed in Section 3621(b) "must be taken into account" when determining whether to transfer an inmate to prerelease custody. <u>Woodall</u>, 432 F.3d at 244. "[T]he BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement

---

[1] Respondent explains the IHP "is a coordinated effort between the BOP, Immigration and Customs Enforcement (ICE), and the Executive Office for Immigration Review (EOIR) to provide deportation, exclusion, or removal proceedings to sentenced aliens while incarcerated to avoid further detaining them in an ICE facility after their criminal sentence is completed." (Doc. 6 at 11).

6

and transfer determinations." Id. That is exactly what the BOP has done here: rather than making individualized determinations, the BOP has categorically barred certain inmates from being transferred to prerelease custody. Nothing in the statute permits such an action: "the statute indicates that the BOP *may* place a prisoner where it wishes, *so long as* it considers the factors enumerated in § 3621." Id. (emphasis in original). By automatically removing certain inmates from consideration for prerelease custody, the BOP is impermissibly ignoring the five factors that it must consider in making an individualized determination. Id. at 247.[2]

Under Woodall, the appropriate remedy for this violation of Section 3621(b) is a writ of habeas corpus "requiring the BOP to consider—in good faith" whether Hauer should be transferred to prerelease custody. Id. at 251. The petition for writ of habeas corpus will accordingly be granted.[3]

---

[2] Respondent argues that the BOP has sole discretion to make decisions on whether to transfer inmates to prerelease custody. (Doc. 6 at 13-15). In granting discretion to the BOP, however, Congress "express[ed] an intent to withhold from the BOP the authority to make CCC placements without the guidance of the statutory factors" enumerated in Section 3621(b). Woodall, 432 F.3d at 247. The court is also under no obligation to defer to the BOP's interpretation of the statute. See Loper Bright Enters. v. Raimondo, 603 U.S. 369, 412-13 (2024).

[3] As the court noted in Al Haj, this decision shall not be construed as a holding that the BOP is barred from considering Hauer's immigration detainer when it makes the individualized determination of whether he should be transferred to prerelease custody. "The question whether the BOP may consider additional factors is separate and unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself." Woodall, 432 F.3d at 247. This court holds simply that the BOP may not categorically withhold a transfer to prerelease custody based on an inmate's immigration detainer, citizenship, or enrollment in the IHP. The question of whether those factors may be considered as additional factors in the individualized determination required by Section 3621(b) is not before the court and the court is not ruling on that issue.

### III. Conclusion

The petition for writ of habeas corpus is granted. A writ of habeas corpus will issue requiring the BOP to consider in good faith whether petitioner should be transferred to prerelease custody. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   February 17, 2026